# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1633

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Jesse E. Turnbull, also known as | * | |
| Jesse E. Turnbough, | * | [TO BE PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 8, 2003
Filed: July 18, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for further consideration in light of its decision in Booker v. United States, 125 S. Ct. 738 (2005). Booker held enhancements based upon judge-found facts under the mandatory federal Sentencing Guidelines violate the Sixth Amendment. To remedy the problem, the Supreme Court struck down the statutory provisions which made the Guidelines mandatory, the effect of which was to "make[] the Guidelines effectively advisory." Id. at 757.

In this case, Jesse Turnbull's fifty-one month sentence for being an unlawful user of controlled substances in possession of a firearm was based in part upon a mandatory enhancement which violated the Sixth Amendment. Specifically, the district court[1] found Turnbull possessed between eight and twenty-four firearms as part of the offense, triggering a four-level enhancement in Turnbull's offense level under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(1)(B). Turnbull never challenged the enhancement in the district court on Sixth Amendment grounds, however, and thus we review for plain error. See Fed. R. Crim. P. 52(b).

Under plain error review, Turnbull must show a "reasonable probability that he would have received a more favorable sentence with the Booker error eliminated by making the Guidelines advisory." United States v. Pirani, 406 F.3d 543, 551 (8th Cir. 2005) (en banc). We have reviewed the sentencing transcript and conclude Turnbull cannot show by a reasonable probability he would have received a more favorable sentence if the Guidelines were advisory. Although the district court sentenced him at the low end of the applicable guideline range, that fact standing alone is "insufficient . . . to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Id. at 553.

Having found no plain error, we reinstate our prior opinion and once again affirm Turnbull's judgment of conviction and sentence in all respects.

———————————————

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

-2-